[No. 5004.]

ROBINSON v. PIERCE.

1.  Contracts—Sales—Evidence.
    Defendant sold to plaintiff certain bank stock and contracted to refund to plaintiff a part of the purchase money equal to the loss plaintiff should sustain as a stockholder of the bank by

reason of the default of an officer of the bank, if any loss was sustained, and stipulated in the contract that if the bank failed to recover the money misappropriated by said officer within one year from the time of its misappropriation the loss should be deemed to have been sustained. The bank failed to recover the money within the year, but did recover it afterwards and before suit was commenced by plaintiff to recover back part of the purchase money under the contract. Held that while the failure of the bank to recover the money within the year fixed the defendant's liability, it was not unalterably fixed, and the money having been recovered by the bank before suit was commenced, plaintiff had sustained no loss and was entitled to no judgment.

2. Same—Release of Security.

Defendant sold plaintiff certain bank stock and contracted to refund so much of the purchase price as would equal the loss, if any, plaintiff should sustain as a stockholder of the bank by reason of the default of one of its officers. In an action by plaintiff to recover back part of the purchase money under the contract, an answer which alleged that at the time and long after said contract was made to the knowledge of both parties the bank had in its possession sufficient shares of its capital stock owned by the defaulting officer upon which it had a preferred lien to more than secure it against any loss from the default of said officer, and that with the knowledge, consent and approval of plaintiff the bank voluntarily relinquished its lien, the enforcement of which would have prevented any loss to the bank, stated a good defense to the action.

*Appeal from the County Court of Las Animas County:*

*Hon. John A. Lindsey, Judge.*

Mr. A. F. HOLLENBECK, for appellant.

Mr. E. L. CAMPBELL, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court.

In April, 1893, the defendant Robinson was the owner of seven shares of the capital stock of the American Savings Bank of Trinidad, Colorado. He desired to sell the same and plaintiff Pierce desired to buy. They began negotiations to accomplish the

end which each had in view. At first they differed as to its value, but finally concurred in the opinion that if $5,250 of the bank's money which, in the previous January, had been misappropriated by its former vice president was ultimately recovered the stock would be worth the price which Pierce paid for it. In order to maintain its value at the purchase price and as a part of the contract of sale the defendant Robinson signed a writing whereby he agreed to refund to the plaintiff the proportionate share of the loss, including expenses and interest, which he, as the owner of seven shares of the capital stock, would sustain in the event that the bank in its efforts to recover the whole or part of the converted funds met with failure. The writing contained a proviso that the loss should be deemed to have been sustained by the bank if this money was not received by it within one year from the time it was withdrawn by the vice president. The defendant further stipulated that the verified affidavit of one of the officers of the bank stating the amount of money received, if any, and the expense and damage incurred in the matter of its recovery should be deemed conclusive evidence of such statements for the purposes of the agreement.

Various attempts were made by the parties amicably to settle their differences—the plaintiff asserting, the defendant denying that the bank had sustained a loss. No certificate was furnished by the officer of the bank, as contemplated by the written contract, until the 12th of December, 1898, when the president furnished one thus reading: ''That said bank sustained a loss in January, 1893, by the withdrawal  *  *  *   of $5,250, and that no part of said money was received previous to February 1, 1894. I further certify that the  *  *  *   bank paid

an attorney's fee in the endeavor to recover said
money of $346.''

To the complaint stating the foregoing facts and
the further allegations that the bank had sustained
the loss contemplated by defendant's promise in that
no part of the money had been received previous to
February 1, 1894, and that defendant had not paid
the proportion thereof which he agreed to pay by
the terms of the writing, an answer was filed by
defendant containing, *inter alia,* two separate de-
fenses, which are material upon this review.

One defense is that at the time the written con-
tract was made and long afterwards and to the
knowledge of both parties thereto the bank had in
its possession a number of shares of its capital stock
standing in the name of and owned by the defaulting
vice president the value of which was greater than
the amount of its money which he had misappropri-
ated, and that it had a preferred statutory lien upon
the same for the indebtedness of its vice president,
and that, with the knowledge and consent and approv-
al of plaintiff, it voluntarily relinquished its lien upon
the same, the enforcement of which would have pre-
vented any loss to the bank or its shareholders.

The other defense is, that before the beginning
of the action, though after the expiration of one year
from the date of the withdrawal of the money, the
bank recovered from the wrongdoer the full amount
of his debt, interest, and all costs and expenses;
hence the bank sustained no loss by reason of the
withdrawal mentioned in the contract.

To these distinct defenses of the answer a de-
murrer on the ground of insufficiency was sustained,
and the trial, upon plaintiff's evidence in support
of the complaint, resulted in a judgment in his favor
for the stipulated percentage of the loss.

It is altogether clear from the record that plaintiff's theory of the case was that, since no part of the money withdrawn by the vice president was received by the bank within one year from the date of its withdrawal, defendant's liability under the contract became absolute, fixed and unchangeable, and even though all of the money may have been received one day after the time specified, and though the bank in reality suffered no loss, the defendant was bound to refund the stipulated sum. This was also the theory of the trial court, and judgment was rendered in accordance with it.

Counsel have discussed at considerable length the nature of this written instrument—whether the contract therein contained is one of guaranty, suretyship or indemnity. It is not important that it be given a name. It is clear that the contract is original, not collateral. Whatever be its form, the object and plain intent of the parties was that the defendant should pay—or, as the contract expresses it, "refund"—to the plaintiff the loss which he, as a stockholder, might sustain in the event that the bank's resources were reduced by its failure to recover the whole or any part of the misappropriated fund. If the bank received all of it, and all expenses, interest and costs, it would not sustain any loss.

It is true that the writing says the loss shall be deemed to have been sustained if the misappropriated money is not received by the bank within one year from the date of withdrawal, and it may be and doubtless is also true that plaintiff's liability under the contract was fixed—but not unalterably—upon the happening of the contingency therein provided for. But if, before the beginning of the plaintiff's action, the bank should receive, by suit or otherwise, the total amount of money withdrawn, the interest provided for, and all costs and expenses of

recovering the same, the plaintiff is not entitled to a judgment, for he has not sustained the loss from which the contract was intended to save him harmless. Time is not expressly made the essence of the contract, and there is no necessary or fair implication from its terms that such was the intention of the parties. The defense of a full receipt by the bank of this money, before suit brought, with interest, and costs and expenses incurred in its recovery, was a good defense to the cause of action set up in the complaint.

Then, too, if, as the other special defense alleged, the plaintiff voluntarily consented to the release of the lien which the bank held upon the wrongdoer's stock out of which it might have fully indemnified itself against the loss occasioned by the withdrawal of its money, the defendant ought not to be held to his contract, for the plaintiff, by his own wrongful act which contributed to the loss, in equity released the defendant from its obligation. There is no express agreement by plaintiff that he would refrain from doing something which would cause loss to the bank, yet it would be inequitable and shocking to the moral sense to permit him to recover when his own affirmative act occasioned or contributed to the loss.

There are other questions discussed in the briefs, but the foregoing shows that prejudicial error was committed by the court in sustaining the demurrers to the two mentioned separate defenses. The judgment is reversed and the cause remanded, and if further proceedings be had, they must be in accordance with the views herein expressed.

*Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE STEELE concur.